IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

LEO WOODS                                                                    PLAINTIFF

vs.                                    Civil No. 1:20-cv-01011

COMMISSIONER, SOCIAL                                          DEFENDANT
SECURITY ADMINISTRATION

## MEMORANDUM OPINION

Leo Woods ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social

Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision

of the Commissioner of the Social Security Administration ("SSA") denying his applications for

a period of disability, Disability Insurance Benefits ("DIB") and Supplemental Security Income

("SSI") under Titles II and XVI of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all

proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and

conducting all post-judgment proceedings.   ECF No. 8.[1]   Pursuant to this authority, the Court

issues this memorandum opinion and orders the entry of a final judgment in this matter.

1. **Background:**

Plaintiff protectively filed his application for DIB on January 10, 2017 and for SSI on

March 10, 2017.  (Tr. 11).  In these applications, Plaintiff alleges being disabled due to lower

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ___"  The transcript pages
for this case are referenced by the designation "Tr" and refer to the document filed at ECF No. 15.  These
references are to the page number of the transcript itself not the ECF page number.

1

lumbar problems.  (Tr. 234).  Plaintiff alleged an onset date of June 29, 2015.  (Tr. 11).  These applications were denied initially and again upon reconsideration.  *Id.*

Plaintiff requested an administrative hearing on his denied applications, and this hearing request was granted.  (Tr. 11).  This hearing was held on April 24, 2019.  (Tr. 24-56).  At this hearing, Plaintiff was present and was presented by counsel, Randolph Baltz.  *Id.*  Plaintiff and Vocational Expert ("VE") Mark Cheairs testified at this hearing.  *Id.*

On May 22, 2019, after the administrative hearing, the ALJ entered a fully unfavorable decision denying Plaintiff's applications.  (Tr. 11-18).  The ALJ determined Plaintiff met the insured status requirements of the Act through December 31, 2020.  (Tr. 13, Finding 1).  The ALJ also determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since June 29, 2015, his alleged onset date.  (Tr. 13, Finding 2).

The ALJ then determined Plaintiff had the following severe impairments: lumbar and cervical degenerative changes, depression, anxiety, and substance abuse disorder.  (Tr. 14, Finding 3).  Despite being severe, the ALJ also determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.  (Tr. 14, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his Residual Functional Capacity ("RFC").  (Tr. 15-18, Finding 5).  Specifically, the ALJ found Plaintiff retained the following RFC:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform medium work as defined in 20 CFR 404.1567(c) and 416.967(c) except frequent balancing, stooping, kneeling, crouching, and crawling. The claimant is limited simple, routine, repetitive work, and simple work-related decisions.

*Id.*

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 18, Finding 6). The ALJ determined Plaintiff was capable of performing his PRW as a hospital housekeeper. *Id.* Based on this finding, the ALJ determined Plaintiff had not been under a disability, as defined by the Act, from June 29, 2015 through the date of his decision. (Tr. 18, Finding 7).

Plaintiff requested the Appeals Council's review of the ALJ unfavorable disability determination. On March 20, 2020, the Appeals Council declined to review the ALJ's disability determination. (Tr. 1-5). On April 16, 2020, Plaintiff filed the present appeal. ECF No. 1. Both parties have filed appeal briefs. ECF Nos. 17, 18. This case is now ready for decision.

**2.     Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision,the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the

findings of the ALJ, the decision of the ALJ must be affirmed.  *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity.  *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998);  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. §§ 423(d)(3), 1382(3)(c).  A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months.  *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation.  He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform.  *See Cox,* 160 F.3d at 1206;  20 C.F.R. §§ 404.1520(a)-(f).  The fact finder only

4

considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.**     **Discussion:**

In his appeal brief, Plaintiff raises four arguments for reversal: (A) the ALJ failed to consider Plaintiff's impairments in combination; (B) the ALJ improperly discounted his credibility; (C) the ALJ erred in assessing his RFC; and (D) the ALJ failed to fully and fairly develop the record.  ECF No. 17 at 11-20.  The Court will address all of these issues.

**A. Combination of Impairments**

Plaintiff argues the ALJ erred by failing to consider all of his impairments in combination. However, under the facts in the present case and after a thorough review of the ALJ's opinion and the record in this case, this Court finds the ALJ properly considered Plaintiff's impairments in combination.

The Social Security Act requires the ALJ to consider the combined effect of all of the claimant's impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity.  *See* 20 C.F.R. § 404.1523 (2006).  In the present action, in reviewing these claimed impairments, the ALJ stated Plaintiff "does not have an impairment or *combination* of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1."  (Tr. 14, Finding 4) (emphasis added).  The ALJ also found, "after consideration of the entire record," the Plaintiff had the RFC to perform medium work with some limitations.  (Tr. 15, Finding 5).  The ALJ went on to state Plaintiff's RFC would not preclude him from performing his past relevant work.  (Tr. 18, Finding 6).

These statements are sufficient under Eighth Circuit precedent to establish that the ALJ properly considered the combined effect of a claimant's impairments.  *See Hajek v. Shalala,* 30 F.3d 89, 92 (8th Cir. 1994) (holding that statements such as "the evidence *as a whole* does not show that the claimant's *symptoms* . . . preclude his past work as a janitor" and "[t]he claimant's *impairments* do not prevent him from performing janitorial work . . ." sufficiently establish that the ALJ properly considered the combined effects of the plaintiff's impairments).

Thus, pursuant to the Eighth Circuit's holding in *Hajek,* this Court finds the ALJ properly considered Plaintiff's impairments in combination.  Plaintiff has alleged he suffers from a number of impairments.  However, this Court is not required to find a claimant is disabled simply because he or she has alleged a long list of medical problems.  The ALJ's opinion sufficiently indicates the ALJ properly considered the combined effect of Plaintiff's impairments, and the ALJ properly considered the severity of the combination of Plaintiff's impairments.  *See Hajek,* 30 F.3d at 92.

## B.  Credibility Determination

Plaintiff claims the ALJ erred in assessing his subjective complaints.  ECF No. 17 at 12-15.  In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[1]  *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007).  The factors to consider are

---

[1] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these

as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions.  *See Polaski,* 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective complaints of pain.  *See id.*  The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints.  *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000).  As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference.  *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006).  The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors.  *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998).  The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but

---

additional factors.  *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007).  Thus, this Court will not require the analysis of these additional factors in this case.

whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, this Court finds the ALJ properly addressed and discounted Plaintiff's subjective complaints. In his opinion, the ALJ addressed the factors from *Polaski*, 20 C.F.R. § 404.1529, and 20 C.F.R. § 416.929, and stated inconsistencies between Plaintiff's testimony and the record. (Tr. 15-18). Specifically, the ALJ noted the following: (1) Absence of objective medical findings to support Plaintiff's alleged disabling pain, (2) Conservative medical treatment, (3) Conditions controlled by use of his medications, (4) Noncompliance and lack of effort with physical therapy, (5) Plaintiff's described activities of daily living allow for active lifestyle, (6) Conditions improved with medical treatment, (7) Receipt of unemployment benefits for a period of time, and (8) Employment at substantial gainful activity for years following reported back injury. *Id.*

These findings are valid reasons supporting the ALJ's credibility determination, and this Court finds the ALJ's credibility determination is supported by substantial evidence and should be affirmed. *See Lowe,* 226 F.3d at 971-72. Accordingly, the ALJ did not err in discounting Plaintiff complaints of pain**.** Thus, the Court cannot find a basis for reversal on this issue. *See Guilliams v. Barnhart,* 393 F.3d 798, 801 (8th Cir. 2005) (recognizing that deference is warranted where the ALJ's credibility determination is supported by good reasons and substantial evidence).

### C.  RFC Determination

Prior to Step Four of the sequential analysis in a disability determination, the ALJ is required to determine a claimant's RFC. *See* 20 C.F.R. § 404.1520(a)(4)(iv). This RFC

8

determination must be based on medical evidence that addresses the claimant's ability to function in the workplace. *See Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004). The ALJ should consider "'all the evidence in the record' in determining the RFC, including 'the medical records, observations of treating physicians and others, and an individual's own description of his limitations.'" *Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004) (quoting *Krogmeier v. Barnhart,* 294 F.3d 1019 (8th Cir. 2002)). The Plaintiff has the burden of producing documents and evidence to support his or her claimed RFC. *See Cox*, 160 F.3d at1206; 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

The ALJ, however, bears the primary responsibility for making the RFC determination and for ensuring there is "some medical evidence" regarding the claimant's "ability to function in the workplace" that supports the RFC determination. *Lauer v. Apfel,* 245 F.3d 700, 703-04 (8th Cir. 2001). Furthermore, this Court is required to affirm the ALJ's RFC determination if that determination is supported by substantial evidence on the record as a whole. *See McKinney v. Apfel,* 228 F.3d 860, 862 (8th Cir. 2000).

In this matter, the ALJ determined Plaintiff retained the RFC to perform medium work with limitations. (Tr. 15). Plaintiff argues the ALJ erred in this RFC determination. ECF No. 17, Pgs. 15-18. However, substantial evidence supports the ALJ's RFC determination.

In his opinion, the ALJ considered Plaintiff's alleged impairments and discounted those he found were not credible. Plaintiff has not referenced any specific limitations the ALJ improperly assessed or provided any medical evidence or other evidence demonstrating the ALJ erred in assessing his limitations. Plaintiff has the burden of demonstrating his alleged limitations. *See,*

9

*e.g., Young v. Apfel,* 221 F.3d 1065, 1069 (8th Cir. 2000).  Without more, the Court cannot find the ALJ erred in assessing his RFC.  The mere fact Plaintiff suffers from a number of different impairments does not demonstrate he is disabled due to those impairments.

Substantial evidence supports the ALJ's RFC determination.  Plaintiff has the burden of establishing his claimed RFC.  *See Goff v. Barnhart,* 421 F.3d 785, 790 (8th Cir. 2005) (quoting *Eichelberger v. Barnhart,* 390 F.3d 584, 590 (8th Cir. 2004)).  Because Plaintiff has not met his burden in this case and because the ALJ's RFC determination is supported by sufficient medical evidence, this Court finds the ALJ's RFC determination should be affirmed.

### D.  Duty to Develop

The ALJ has the duty to fully and fairly develop the record, even where the Plaintiff is represented by counsel.  If a physician's report of a claimant's limitations are stated only generally, the ALJ should ask the physician to clarify and explain the stated limitations.  *See Vaughn v. Heckler*, 741 F. 2d 177,179 (8th Cir. 1984).  Furthermore, the ALJ is required to order medical examinations and tests if the medical records presented do not provide sufficient medical evidence to determine the nature and extent of a claimant's limitations and impairments.  *See Barrett v. Shalala*, 38 F. 3d 1019, 1023 (8th Cir. 1994).  The ALJ must develop the record until the evidence is sufficiently clear to make a fair determination as to whether the claimant is disabled.  *See Landess v. Weinberger*, 490 F. 2d 1187, 1189 (8th Cir. 1974).  In addition, a claimant must show not only that the ALJ failed to fully and fairly develop the record, but he must also show that he was prejudiced or treated unfairly by the ALJ's failure.  *See Onstad v. Shalala*, 999 F.2d 1232, 1234 (8th Cir. 1993).

10

Plaintiff argues the ALJ erred by failing to fully develop the medical record regarding Plaintiff's alleged impairments. ECF No. 17, Pgs. 19-20. Defendant argues substantial evidence shows the ALJ met his duty to fairly develop the record. ECF No. 18, Pgs. 13-14.

Initially the Court notes Plaintiff has failed to establish that the medical records presented did not provide sufficient medical evidence to determine the nature and extent of his limitations and impairments. *See Barrett v. Shalala*, 38 F. 3d 1019, 1023 (8th Cir. 1994). While the ALJ has an independent duty to develop the record in a social security disability hearing, the ALJ is not required "to seek additional clarifying statements from a treating physician unless a crucial issue is undeveloped." *Stormo v. Barnhart*, 377 F.3d 801, 806 (8th Cir.2004).

Likewise, the ALJ is not required to order a consultative evaluation of every alleged impairment; he simply has the authority to do so if the existing medical sources do not contain sufficient evidence to make an informed decision. *See Matthews v. Bowen*, 879 F.2d 422, 424 (8th Cir.1989). Thus, the proper inquiry for this Court is not whether a consultative examination should have been ordered; rather, it is whether the record contained sufficient evidence for the ALJ to make an informed decision. *See id.; see also Payton v. Shalala*, 25 F.3d 684, 686 (8th Cir.1994). There is nothing which establishes the record was inadequate for the ALJ to make his decision. The medical record included treating physician records, clinic records, physical exam reports, diagnostic evaluations, and case analysis.

Further, Plaintiff must not only show the ALJ failed to fully and fairly develop the record, but that he was prejudiced or treated unfairly by the ALJ's alleged failure to develop the record.

Plaintiff has not set forth any evidence showing had the ALJ requested additional consultative examinations, the ALJ would have arrived at a different decision.

Accordingly, Plaintiff has failed to demonstrate that the record was not fully developed and that he was prejudiced by any perceived failure to develop the record.

**4.    Conclusion:**

Based on the foregoing, the undersigned finds the ALJ's disability determination is supported by substantial evidence in the record and should be affirmed.  A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 25th day of March 2021.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE